IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Cary Shotwell, | : | |
| | : | Case No. 1:23-cv-798 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion to Dismiss |
| American Strategic Insurance Corp., | : | Count II of the Complaint |
| | : | |
| Defendant. | : | |

This matter is before the Court on the unopposed Motion to Dismiss filed by Defendant American Strategic Insurance Corp. ("ASIC"). (Doc. 5.) Plaintiff Cary Shotwell alleged in the Complaint that his insurer, ASIC,[1] failed to indemnify him under a homeowner's insurance policy for property damage caused by storms and damaging winds. (Doc. 2.) He sought to assert three claims: (Count I) breach of contract, (Count II) breach of contract good faith and fair dealing, and (Count III) bad faith. (*Id.* at PageID 38–41.) ASIC has moved to dismiss Count II arguing that the purported claim for breach of the duty of good faith and fair dealing fails as a matter of law because such claims against insurers are not contractual in nature. Shotwell did not file a brief in opposition.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). ASIC is correct that under Ohio law an insured's claim against his insurer for breach of a duty to act in good faith arises only in tort, not in contract. "Based upon the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the

---

[1] Shotwell originally named Progressive Specialty Insurance Company as the Defendant in this case. Pursuant to an Entry and Order on November 21, 2023, ASIC was substituted as the Defendant, and Progressive Specialty Insurance Company was dismissed from this action. (Doc. 1-3 at PageID 10–11.)

claims of its insured. A breach of this duty will give rise to a cause of action in tort against the insurer." *Scott Fetzer Co. v. Am. Home Assurance Co., Inc.*, 2023-Ohio-3921, 173 Ohio St. 3d 256, 262, 229 N.E.3d 70, 76 (quoting *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 452 N.E.2d 1315, at syllabus ¶ 1 (1983)). Shotwell pleads a bad faith claim arising in tort in Count III. He cannot separately plead a claim for bad faith arising under contract in Count II.

For the foregoing reasons, ASIC's Motion to Dismiss (Doc. 4) is **GRANTED**. Count II of the Complaint is **DISMISSED WITH PREJUDICE**. The action will proceed on Counts I and III.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge